Matter of N.K. (Iftekhar K.) (2024 NY Slip Op 02015)

Matter of N.K. (Iftekhar K.)

2024 NY Slip Op 02015

Decided on April 16, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 16, 2024

Before: Kern, J.P., Singh, Scarpulla, Mendez, Higgitt, JJ. 

Docket No. NN-25533/22, NN-25534/22 Appeal No. 2065 Case No. 2023-05276 

[*1]In the Matter of N.K., and Another Children Under the Age of Eighteen Years of Age, etc., Iftekhar K., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Anne Reiniger, New York, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Lorenzo Di Silvio of counsel), for respondent.

Order, Family Court, Bronx County (Lauren T. Broderick, J.), entered on or about September 22, 2023, which, upon respondent father's admission that he willfully violated an order of protection, sentenced him to a nine-month jail term, unanimously affirmed, without costs.
Family Court did not abuse its discretion in imposing a nine-month jail commitment on the father. Under Family Court Act § 846-a, upon finding that the father had violated an order of protection multiple times, the court was authorized to impose a maximum term of 18 months, or consecutive six-month terms for each of the three violations. The court properly considered that the father made telephone calls to the nonrespondent mother in violation of an outstanding order of protection while he was still serving a previously imposed six-month term for violating a temporary order of protection.
The term of commitment is not excessive and we decline to reduce it in the interest of justice. Issuing an order of protection furthers the purpose of attempting to stop the violence, ending the family disruption and providing protection for victims of domestic violence (see Family Ct Act § 812[2][b]; Matter of Katharine B. v Thomas L., 189 AD3d 474, 474 [1st Dept 2020], lv dismissed 36 NY3d 1107 [2021]). Given the father's history of committing acts of domestic violence against the mother while the children were present and his repeated violation of orders of protection designed to protect them, his claim that his incarceration has left him unable to provide them with financial support, caused him to lose his apartment, and that his vehicle might be repossessed does not establish extraordinary circumstances warranting a reduction of his term in the interest of justice (see People v Conklin, 158 AD3d 973, 976 [3d Dept 2018], lv denied 31 NY3d 1080 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 16, 2024